UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JODY LYNN BOURNE,<br>    *Plaintiff*, | 3:23-cv-01582 (KAD) |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY,<br>    *Defendant*. | FEBRUARY 10, 2025 |

**ORDER GRANTING MOTION FOR ATTORNEY'S FEES (ECF NO. 18)**

Kari A. Dooley, United States District Judge:

Petitioner Charles E. Binder ("Petitioner"), attorney for Plaintiff Jody Lynn Bourne ("Plaintiff"), has filed a Motion for Attorney's Fees in the amount of $14,903.00, pursuant to 42 U.S.C. § 406(b)(1). Following an order from this Court remanding, on consent, Plaintiff's case to the Commissioner of Social Security (the "Commissioner"), *see* ECF No. 14, an Administrative Law Judge ("ALJ") issued a fully favorable decision on January 7, 2025, finding Plaintiff disabled as of March 31, 2014, the alleged onset date. Plaintiff thereafter received a Notice of Award from the Social Security Administration (the "SSA") informing her that it had withheld $29,806.00 from her total award, constituting 25% of past-due benefits owed to Plaintiff, for the purpose of paying her attorney's fees. Petitioner now seeks recovery of $14,903.00, which equates to approximately 12.5% of Plaintiff's past-due benefits. *See* Motion for Attorney's Fees ("Petr. Motion"), ECF No. 18. The Commissioner has filed a response in which she states that she neither supports nor opposes Petitioner's request for attorney's fees. *See* Response, ECF No. 19. For the reasons that follow, Petitioner's Motion is **GRANTED**.

**Legal Standard**

Section 406(b) provides in relevant part that "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits." 42 U.S.C. § 406(b)(1)(A). Once "the claimant receives notice of the amount of any benefits award," a fee application brought pursuant to § 406(b) must be submitted within the 14-day filing period set forth in Fed. R. Civ. P. 54(d)(2)(B). *Sinkler v. Berryhill*, 932 F.3d 83, 85 (2d Cir. 2019).

"In order to obtain attorneys' fees under Section 406(b), three elements must be satisfied: (1) there must be a judgment that is favorable to the claimant; (2) the fee must be awarded as part of the court's judgment; and (3) the fee must not exceed twenty-five percent of the total amount of past-due benefits [a]warded to the claimant." *Salvo v. Comm'r of Soc. Sec.*, 751 F. Supp. 2d 666, 676 (S.D.N.Y. 2010). "A court may reduce the amount awarded under Section 406(b) only if it finds it to be unreasonable." *Id.* (citing *Wells v. Sullivan* ("*Wells II*"), 907 F.2d 367, 371 (2d Cir. 1990)). "Courts consider several factors in determining the reasonableness of a fee under § 406(b), including '1) whether the requested fee is out of line with the character of the representation and the results the representation achieved; 2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and 3) whether the benefits awarded are large in comparison to the amount of time counsel spent on the case, the so-called 'windfall' factor.'" *Zoeller v. Saul*, No. 3:18-CV-00019 (WIG), 2020 WL 4505510, at *2 (D. Conn. Aug. 5, 2020) (quoting *Joslyn v. Barnhart*, 389 F.

Supp. 2d 454, 456 (W.D.N.Y. 2005)) (internal quotation marks omitted).  "[T]he best indicator of 'reasonableness' of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client, not an hourly rate determined under lodestar calculation."  *Shrack v. Saul*, No. 3:16-CV-2064 (RMS), 2020 WL 373074, at *2 (D. Conn. Jan. 23, 2020) (quoting *Wells II*, 907 F.2d at 371).

**Discussion**

The parties do not dispute that Petitioner's fee application was timely filed, and the Court finds the relevant statutory factors satisfied here.  As a threshold matter, there is no question that Plaintiff received a fully favorable decision following remand.  *See Davis v. Saul*, No. 16-CV-954 (MJP), 2020 WL 1503223, at *1 (W.D.N.Y. Mar. 30, 2020) ("Courts have interpreted [§ 406(b)(1)(A)'s] reference to a 'judgment' rendered by 'a court' to include awards made by the Commissioner upon remand from a district court."); *see also Sinkler*, 932 F.3d at 86 ("Where, as here, a district court judgment reverses a denial of benefits to a claimant and remands for further agency consideration of benefits, . . . the district court may await conclusion of the remand proceedings to consider a § 406(b) attorney's fee application.").  Moreover, the fee award sought plainly does not exceed 25% of the total past-due benefits to which Plaintiff is entitled.  The reasonableness of the requested award, however, requires closer examination.

In support of his Motion, Petitioner has attached, *inter alia*, a retainer agreement signed by Plaintiff and dated October 25, 2023, which states in relevant part:

> If I am subsequently awarded past due benefits by the Appeals Council or by an [ALJ] following additional proceedings, the law firm may apply for fees under 42 U.S.C. § 406(a) and/or § 406(b). These combined amount of these fees will not exceed 25% of any back due benefits due to me and my family.

Petr. Motion, ECF No. 18, Ex. A.

Additionally, Petitioner argues that he is an expert in Social Security law, and "achieved an excellent result" for Plaintiff in this case notwithstanding "great uncertainty regarding whether [Plaintiff] would be found disabled." *Id.*, ECF No. 18-2, at 3.  Petitioner also emphasizes that he does not seek the full $29,806.00 that would constitute 25% of past-due benefits owed to Plaintiff. Instead, acknowledging that "no formal motion or brief was filed in Court," Petitioner seeks an award equal to approximately 12.5% of Plaintiff's past-due benefits.

The Court finds that the requested award is consistent with the applicable retainer agreement and "with the 'character of the representation and the results the representation achieved,'" and as such, concludes that the award is reasonable.  *See, e.g.*, *Shrack*, 2020 WL 373074 at *2 (finding that this factor was met where "[t]he plaintiff sought and obtained a Sentence Four remand, and the plaintiff received a fully favorable result upon remand"); *Sama v. Colvin*, No. 3:10-CV-1268 (TPS), 2014 WL 2921661, at *3 (D. Conn. June 25, 2014) (holding that this factor was met where "[t]he results secured by Attorney Rubenstein, a remand and a subsequent award of benefits . . . were the best possible outcome for the plaintiff").  Nor does the record reveal that Petitioner engaged in any undue delay to increase the accumulation of benefits.

The requested award also does not constitute a windfall.  In assessing the windfall factor, "the Second Circuit has directed district courts to consider (1) the expertise and ability of the claimant's lawyer and whether he or she was particularly efficient; (2) the nature and length of the lawyer's professional relationship with the claimant, including any representation at the agency level; (3) the satisfaction of the claimant; and (4) the level of uncertainty of an award of benefits and the efforts it took to achieve the result of a disability ruling." *See Duncan v. Comm'r of Soc. Sec.*, No. 20-CV-6218 (FB), 2024 WL 3594667, at *1 (E.D.N.Y. July 31, 2024) (citing *Fields v, Kijakazi*, 24 F.4th 845, 854–55 (2d Cir. 2022)).  Here, Petitioner represents that he expended 2.2

4

hours in representing Plaintiff before this Court, and that his associate expended 1.2 hours. This equals a rather high de facto hourly rate of $4,383.24. But as the Second Circuit observed in *Fields*, "in determining whether there is a windfall that renders a § 406(b) fee in a particular case unreasonable, courts must consider more than the de facto hourly rate." *See* 24 F.4th at 854. And indeed, post-*Fields*, courts have regularly awarded attorney's fees equal to 12.5% of past-due benefits in circumstances where, as here, the case was remanded prior to any briefing. *See* Petr. Motion, ECF No. 18-2, at 3 (collecting cases). Moreover, Petitioner emphasizes that it spent "a substantial amount of time at the administrative level" pursuing Plaintiff's eventual $119,224.00 past-due benefits award, and further advises the Court that "the total requested fees between 42 U.S.C. § 406(a) and § 406(b) will not exceed $29,806.00," *i.e.*, 25% of the retroactive benefits awarded to Plaintiff. *See Fields*, 24 F.4th at 855 ("courts should consider the nature and length of the professional relationship with the claimant—including any representation at the agency level—when determining whether a requested fee can truly be deemed a windfall."). In light of the foregoing, the Court concludes that the requested fee award is reasonable.

**Conclusion**

For the reasons set forth above, Petitioner's Motion for Attorney's Fees is **GRANTED**. The Petitioner is awarded attorney's fees in the amount of $14,903.00, pursuant to 42 U.S.C. § 406(b)(1), and is further directed to promptly remit the $800.00 award of EAJA fees back to Plaintiff. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).

**SO ORDERED** at Bridgeport, Connecticut, this 10th day of February 2025.

*/s/ Kari A. Dooley*
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE